(No. 35225.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MELVIN HARRIS, Plaintiff in Error.

*Opinion filed September 24, 1959—Rehearing denied Nov. 16, 1959.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Upon trial by jury in the criminal court of Cook County Melvin Harris was convicted of unlawful possession of narcotics. He was sentenced to imprisonment in the penitentiary for not less than two years nor more than ten. He prosecutes this writ of error, contending that the evidence is insufficient; that his right of cross-examination was improperly curtailed; that incompetent testimony was received for the State; and that the prosecutor's use of peremptory challenges resulted in excluding negroes from the jury, thereby depriving defendant, a negro, of constitutional rights.

The record discloses that on the evening of June 26, 1957, in Chicago, one John Norwood was arrested for possessing narcotic drugs. At about 9:30 P.M. he and two police officers, George Sims and Thomas Bingham, went to a "chicken shack" restaurant at 45th Street and South

Parkway, where he made a telephone call. Two other officers, James Bryson and John Urso had followed in another car; and Bryson and Sims entered the place with Norwood. When the call was placed Bryson observed the number dialed, and had Norwood tilt the receiver so that he, too, could hear the voice on the other end of the wire. The number was that of the Metropolitan Liquors, located directly across the street from the chicken shack. After the telephone conversation, Norwood, with officers Sims and Bingham, went to his apartment where he received a telephone call. Bryson, who had remained at the chicken shack, received a call from officer Sims about 10:30 and shortly thereafter observed defendant come out of the liquor store.

Bryson then entered a car with officer Urso and followed defendant, who was driving a 1957 Lincoln automobile, to 1114 East 45th Street. Defendant stopped his car at that address, entered the building, and a few minutes later come out and drove east on 45th Street to Woodlawn Avenue, where he turned south. The officers managed to follow him on Woodlawn as far as 55th Street, but lost him. They drove on to 62nd Street and Stony Island Avenue, where they observed him standing beside his parked car. Urso went up to defendant, placed him under arrest, and searched him. In his shirt pocket Urso found a brown paper bag, which was taken by officer Bryson and later given to officer Sims who, in turn, delivered it to the chemist at the crime laboratory. In addition to the bag defendant had more than $1700 in cash upon his person. The officers took defendant first to his home, where a search was made of the premises, and then to police headquarters. The paper bag turned over to the chemist contained heroin.

To support the contention that the offense was not sufficiently proved defendant argues that the package taken from him was not shown to be the same one as that tested by the police chemist, and that no field test was made of

its contents. The contention is without merit. The officers testified that the package was given to Sims, who placed it in a safe, initialed it, and the following afternoon delivered it to the chemist. There is nothing in the evidence to indicate that it was tampered with, or that a different package was substituted. In the absence of evidence to the contrary, the facts testified to are enough to show that the contents were not disturbed. The fact that ordinary inferences are drawn from proved facts does not mean that guilt has not been proved beyond a reasonable doubt. *People v. Glass,* 16 Ill.2d 595.

Apparently for the purpose of showing that the officers' testimony was the result of spite and hence unworthy of belief, defendant relies upon his evidence that after he was arrested they unsuccessfully tried to extort money from him. The State, on the other hand, points to extensive testimony introduced on its behalf to the effect that defendant attempted to bribe the officers and offered them large sums of money to let him go. Insofar as this review is concerned it is unecessary to consider at length the issues sought to be injected. Whether a bribe was attempted or solicited is a matter to be investigated and determined in proceedings appropriate for the purpose. It has little bearing upon the sufficiency of the evidence to establish the crime charged in this case. The relevant facts to which the officers testified were enough to establish defendant's guilt beyond a reasonable doubt. Credibility and issues relating thereto were matters for determination by the jury.

Defendant next complains that his cross-examination of officer Sims was unduly limited. Sims had testified on direct examination that he entered the chicken shack with officer Bryson and one John Norwood; that he had a conversation with them; and that Norwood thereafter made a telephone call. To show Norwood's motive or inducement for making the telephone call, counsel for defense on cross-examination asked officer Sims questions concerning the

content of his conversation with Norwood and the circumstances of Norwood's arrest earlier in the evening. The court sustained objections to the questioning, on the ground that it bore no relation to any fact in issue and was too far afield from the acts of Norwood referred to on direct examination. We think the rulings were correct. Even if, as defendant's counsel suggested, Norwood was told that he would not be charged with a crime if he divulged the source from which he obtained narcotics, that fact would have no bearing on the issues in this case. Norwood was not on trial, nor was he called as a witness. The indictment against Harris charged him with possession, not with a sale to Norwood. The inquiry in question could result only in introducing issues unrelated to the offense with which defendant was charged.

It is further contended the court erred in admitting officer Bryson's statement that the voice he overheard on the telephone was that of the defendant. The objection is made on the ground that a foundation was not first laid showing a prior acquaintance with defendant's voice, or an ability to identify the voice heard. The witness testified, on cross-examination, that he had talked to defendant on three previous occasions, that he could recognize the voice he heard on the telephone; and that it was the voice of the defendant. Identity of the person whose voice was overheard was sufficiently established (see *People* v. *Nichols,* 378 Ill. 487), and defendant's contention must be rejected.

As a final ground for reversal defendant alleges an unconstitutional use of peremptory challenges by the prosecutor in selecting the jurors. He says he was deprived of due process and equal protection because the State exercised the right so as to "systematically" exclude negroes. Even aside from the absence of any showing that the prospective jurors were excused solely because of race, there is no merit whatever in the contention. There was no exclusion of negroes *per se* from the panel itself; and, of course, there

were in fact several among the number. The fact that the State's exercise of peremptory challenges resulted in excluding them from the petit jury did not deprive defendant of any constitutional right. (*People* v. *Roxborough*, 307 Mich. 575, 12 N.W.2d 466, cert. den. 323 U.S. 749, 89 L. ed. 600.) The right of peremptory challenge is a substantial one which should not be abridged or denied. It may, by its very nature, be exercised or not exercised, according to the judgment, will or caprice of the party entitled thereto, and he is not required to assign any reason therefor. 50 C.J.S. 1068, Juries, sec. 280.

We have considered all of defendant's contentions and find merit in none of them. The trial was conducted in a fair and capable manner, and the evidence fully supports the verdict. The judgment is affirmed.

*Judgment affirmed.*