(No. 38387.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* REUBEN BOOKER, Plaintiff in Error.

*Opinion filed January 25, 1966.*

IRVING M. KING and DAVID KENTOFF, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE, JOSEPH MALIK, and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

An indictment returned to the criminal court of Cook County charged the defendant, Reuben Booker, with having robbed a grocery store on January 16, 1957, and, in a separate count, it was alleged that he had been previously convicted of armed robbery in 1949 so as to invoke the provisions of the Habitual Criminal Act. (Ill. Rev. Stat. 1955, chap. 38, par. 602.) Prior to trial defendant unsuccessfully sought to quash the habitual count, or, in the alternative, to delay trial on such count until the current robbery charge was adjudicated. Thereafter, at the trial which followed, the State's Attorney was permitted to inform the jury of the habitual criminal charge and to offer evidence of the prior conviction. The jury found him guilty and he was sentenced to the penitentiary for life. Defendant now seeks review by this court contending that the disclosure to the jury of the previous conviction deprived him of a fair trial and denied him due process of law.

Although it has since been repealed, at time of trial section 1 of the act in relation to punishment of criminals (Ill. Rev. Stat. 1955, chap. 38, par. 602,) applied to crimes committed before July 1, 1957, and provided that upon a second conviction for certain enumerated felonies, including robbery, the punishment must be for the full term provided by law, which in the instant case was life imprisonment. However, in order to warrant the increased punishment, it was necessary for the indictment to charge conviction of a prior offense and for the State to offer proof thereof. (*People* v. *Lamphear,* 6 Ill.2d 346; *People* v. *Lawrence,* 390 Ill. 499.) The sole question now before us is whether this procedure violated defendant's constitutional rights.

This is not a new or unprecedented issue. In *People* v. *Manning,* 397 Ill. 358, we held that proof of a former conviction under a habitual criminal count was not so prejudical as to deprive the defendant of due process of law. The question was also raised in *People* v. *Johnson,* 412 Ill. 109, wherein we again upheld this procedure, and we later passed

upon the same matter in *People* v. *Lamphear,* 6 Ill.2d. 346. Although recognizing these prior decisions, defendant now urges us to re-examine the issue because of recent holdings in *Lane* v. *Warden, Maryland Penitentiary,* (4th cir., 1963) 320 F.2d 179, and *United States ex rel. Scoleri* v. *Banmiller,* (3rd cir. 1962) 310 F.2d 720, wherein the practice of offering simultaneous proof of both the prior conviction and the current charge was condemned upon constitutional grounds. However, equally convincing are the cases of *Breen* v. *Beto,* (5th cir. 1965) 341 F.2d 96, which not only refused to follow the *Lane* decision, but, to the contrary, referred to it as "not well decided," and *United States ex rel. Rucker* v. *Myers,* (3rd cir. 1962) 311 F.2d 311, which was decided by the same court that had previously rendered the *Scoleri* decision. In the latter case the court refused to set aside the conviction as it had done in the *Scoleri* decision, but, instead, sought to differentiate between situations where proof of prior convictions could be expected to influence a close question as to guilt of the current offense, and those in which the evidence of guilt is so overwhelming as to negate the possibility of prejudicial effect.

In the present case the State's evidence indicated that defendant and a companion, both heavily armed, entered a grocery store during a rush hour, fired at, cursed, and then beat an employee, took money from the cash register and various patrons, and threatened to kill the store owner. As defendant left he engaged in a gun battle with the store owner, and when he was captured by one of the store customers a short distance away, he was wounded and had the store owner's wallet in his possession. A ballistics test showed that the bullet recovered from his chest was fired from the store owner's gun. Although defendant testified that he had been shot by a stray bullet while merely passing the store, he was positively identified as one of the perpetrators of the crime by several of the persons at the scene.

Upon this record it must be concluded that proof of guilt was overwhelming. Thus, even under the rationale of the *Myers* decision, we would not be warranted in setting aside the present conviction.

It should be noted that proof of other crimes is not unique in criminal jurisprudence but is recognized as proper in any case where it tends to establish motive (*People* v. *Laures,* 289 Ill. 490), intent (*People* v. *Hobbs,* 297 Ill. 399), or identity (*People* v. *Jennings,* 252 Ill. 534; *People* v. *Lane,* 300 Ill. 422), guilty knowledge (*People* v. *Mutchler,* 309 Ill. 207), or credibility (*Lane* v. *Warden, Maryland Penitentiary,* 320 F.2d 179), or is directly related to the guilt of the accused. (*People* v. *McDonald,* 365 Ill. 233.) In fact, even in the present case, proof of still other offenses committed by defendant in 1948 and 1949 was admitted by stipulation as affecting the defendant's credibility, and this action is not being questioned upon review. It is only where the commission of a previous offense has no connection with or relation to the crime charged, but only creates a prejudice against the defendant, that its proof constitutes a denial of due process. *People* v. *Klein,* 305 Ill. 141.

The Habitual Criminal Act did not create a new crime requiring a separate indictment but, to the contrary, merely increased the punishment for subsequent offenses, and placed the burden upon the State to charge and prove the prior conviction as a part of the subsequent trial. Such proof thereby became an issue in the case, just as motive or intent, and should be equally acceptable. Indeed, this is the rationale of our decision in *People* v. *Manning,* 397 Ill. 358, and although the Supreme Court of the United States has heretofore been called upon to review the rule promulgated therein, it has declined to do so. (See *Johnson* v. *Illinois,* (1952) 344 U.S. 858, 97 L. ed. 666.) In view of the fact that proof of guilt herein was overwhelming, as well as the circumstance that proof of still other offenses was properly called

to the jury's attention by stipulation, we cannot say that the defendant was so prejudiced by the habitual criminal procedure as to deny him due process of law.

The judgment of the criminal court of Cook County must, therefore, be affirmed.

*Judgment affirmed.*