(No. 39066.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee and Defendant in Error, *vs.* LYNN A. OSTRAND, Appellant and Plaintiff in Error.

*Opinion filed September 23, 1966.*

WILLIAM D. CARSTEDT, of Chicago, for appellant and plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

These are consolidated appeals from the circuit court of Cook County where defendant, Lynn Ostrand, after two separate jury trials, was convicted of the offenses of armed robbery and the unlawful use of weapons. He was sentenced to terms of 5 to 15 years imprisonment for the armed robbery, and 8 to 10 years for the unlawful use of weapons.

It is defendant's theory that prejudicial error occurring at both trials requires reversal of the convictions.

During the armed robbery trial (Indictment No. 63-141), Edward Course, an independent oil delivery man, testified that on November 9, 1962, shortly after noon, he was making a delivery at 4816 Shakespeare Avenue, Chicago, and in the process thereof was on his knees listening to sounds from the vent pipe. While in this position he was "poked" in the back. Upon arising, he was confronted by a man with a blue steel snub-nosed pistol in his hand who demanded his money. When Course replied that he had none, the robber stated "don't give me that" and proceeded to search his pockets, taking about $50 in money from one pocket and a wallet from another. After warning his victim to remain where he was, the robber walked away. Course followed the man for a time, but eventually the latter disappeared from view. It appeared upon cross-examination that the robber had been wearing a "tyrolene [sic] salt and pepper affair color" hat at the time of the robbery. Course stated that the police found a similar hat under a staircase about a block and a half away from the scene of the robbery. The hat was never introduced as evidence. Course at

the trial identified defendant as his assailant and stated that he had identified him previously at a line-up.

Police officer Frank Novak testified that he placed defendant under arrest at the Burdland Tavern, located at 3556 West Armitage, Chicago, on December 5, 1962, at about 5:00 P.M. It appears that Novak had received a description of defendant and his name from a known but undisclosed informant. He made the arrest on the basis of this information, information from Donald Evans, that given him by Course, and from other sources independent of the robbery of Course. Officer Novak also testified that at the time he arrested defendant, he observed a gun fall to the floor from defendant's trouser leg. Defendant initially denied that the gun was his, but later seemingly acquiesced in its ownership, refusing to tell where he had obtained it. All testimony relating to the gun given by officer Novak and its admission into evidence were objected to by defendant. On cross-examination, officer Novak stated that the gun was not what he would call a "snub-nose".

Defendant's sister testified for the defense that she had telephoned the Y.M.C.A., defendant's place of residence, at about 1:00 P.M. on November 9, 1962, and had talked to defendant. Marion McGuire, a Y.M.C.A. maid, testified that she saw defendant on November 9, 1962, at about 11:30 A.M. She later saw him there a little after 1:00 P.M. when he was using a telephone. The witness stated that when defendant had originally taken a room at the Y.M.C.A., he was working nights and ordinarily left his room at 3:00 P.M. Bruno Mariana testified in rebuttal for the State that defendant had not worked nights.

Donald Evans testified for the State over objection by the defense that he had received a phone call from a person who identified himself as defendant and whose voice the witness recognized as defendant's on November 9, 1962, shortly after 12:00 noon or 1:00 P.M. The witness was asked to pick up the caller in the witness's car. He drove to

the appointed place and picked up defendant. Defendant then told Evans that defendant had just robbed an oil man and directed Evans to get him out of the neighborhood. They went to the Burdland Tavern where Evans identified himself with a driver's license given him by defendant having the name "Edward Course" upon it. The driver's license was admitted into evidence on behalf of the State.

Nick Lachona, a friend of defendant, testified that he had telephoned defendant at approximately noon on November 9, 1962, and had talked to him at that time. Maurine Caruso was called by the defense and she stated that she had also talked with defendant by telephone between 12:00 noon and 12:30 P.M. on the day in question.

Defendant initially maintains that the court erroneously allowed evidence of independent crimes involving him to be placed before the jury. Particularly, it is claimed that officer Novak's statement that he had received information concerning the description of defendant independent of the robbery of Course necessarily informed the jury that defendant was involved in other crimes. We do not believe this testimony can fairly be said to have prejudiced defendant, for officer Novak was at that time being asked about the basis upon which he had arrested defendant. No specific mention of any other crime involving defendant was made, and the contention on this point is without merit.

Defendant also challenges the admissibility of evidence that when arrested he possessed a pistol and the introduction of the pistol into evidence, on the grounds that such evidence was irrelevant and unconnected with the crime charged in the armed robbery indictment. There was evidence that the robber employed a hand gun during the crime charged, and although there was no evidence that the gun possessed by defendant at the time of his arrest was the one employed during the robbery, we have previously held where there is evidence indicating that an accused possessed a weapon at the time of the offense, a similar weapon found in his pos-

session at the time of his arrest may be admitted against him, and identification of such weapon as the one actually used in the commission of the offense is unnecessary. (*People* v. *Johnson,* Docket No. 38706, decided this term; *People* v. *Gambino,* 12 Ill.2d 29; *People* v. *Lenhardt,* 340 Ill. 538.) That Course stated that the weapon employed by the robber was a "snub-nose" while officer Novak testified that he would not classify as such the weapon connected with defendant at his arrest affects only the probative value and not the admissibility of this evidence.

Defendant further maintains that the pistol was obtained incident to his unlawful arrest and should have been suppressed. The statute then in effect provided that an arrest without warrant might be made by a police officer whenever a criminal offense has in fact been committed, and reasonable grounds exist for believing that the person to be arrested has committed it. (Ill. Rev. Stat. 1961, chap. 38, par. 657.) The arresting officers in this case had received information that a person answering defendant's description had been involved in the commission of various offenses. The officers had the description by the robbery victim, who had a good opportunity to observe his assailant, information from a known but unidentified informer, and similar information from Donald Evans that corroborated the information supplied by the first informant. As observed before, "Reasonable grounds for believing that a person has committed a criminal offense may be found in information furnished by an informer if * * * independently corroborated." (*People* v. *Durr,* 28 Ill.2d 308, 311.) Under the circumstances here present, there can be no question that probable cause existed for arresting defendant.

Defendant next argues that evidentiary admission of his alleged inculpatory statement, an implied admission of possession of the pistol, was error in that he had not been apprised of his constitutional rights to counsel and to remain silent. The contention is without merit, for there are no

claims of coercion, and we have held in *People* v. *Hart-graves,* 31 Ill.2d 375, 379, 380, that an otherwise voluntary statement need not be rejected because the State did not affirmatively caution the accused as to his rights. The new principles concerning the admission of confessions, inculpatory and exculpatory statements recently set forth by the United States Supreme Court in *Miranda* v. *Arizona,* 384 U.S. 436, 34 Law Week 4521, 16 L. Ed. 2d 694, are not mandatorily applicable to cases where, as here, trial has occurred before the date of that decision. *Johnson* v. *New Jersey,* 384 U.S. 719, 34 Law Week 4592, 16 L. Ed. 2d 882.

Defendant also states that the State wrongfully suppressed exculpatory evidence in its possession when it failed to produce the "tyrolene [sic] salt and pepper affair color" hat alluded to by the robbery victim. There was no request for the production of this hat, and defendant may not claim error for the first time on appeal. *People* v. *Milani,* 34 Ill.2d 524, 527; *People* v. *French,* 33 Ill.2d 146, 149; *People* v. *Harris,* 33 Ill.2d 389, 390.

Defendant questions the admissibility of the testimony of Donald Evans concerning the telephone conversation. Evans testified that he received the call, that the other party identified himself as defendant, and that Evans recognized the voice as defendant's. We believe that an adequate foundation was laid for the introduction of the substance of the telephone conversation. *People* v. *Harris,* 17 Ill.2d 446, 450.

Indictment No. 63-737 charged in count I that defendant committed the offense of "carrying a concealed weapon in that he knowingly carried concealed on his person a pistol", *etc.* Count II commenced with similar language and further alleged that defendant had been convicted of a felony, burglary, within 5 years of the time of the instant offense. The first count was *nolled* pursuant to the State's motion.

During the trial pursuant to this indictment Richard Posdal, the manager of a gun shop, testified that on October

20, 1962, he had sold two weapons, a .38 caliber pistol and a single-barrel shotgun, to defendant. He identified defendant and one of the weapons at the trial. Posdal also testified, over defense objection, that defendant had paid for his purchases with a "bad check". Posdal further stated that some of the handwriting appearing on a register card kept by him would be of the purchaser of the weapon described therein. Both the "bad check" and the register card (a register is required to be kept under Ill. Rev. Stat. 1961, chap. 38, par. 24—4) were admitted into evidence over objection.

Police officer Novak again testified at this trial. He stated that the weapon later introduced as evidence at the trial and earlier identified by witness Posdal was dropped by defendant and found at his feet at the time of his arrest. He again related the inculpatory statements concerning defendant's possession of the gun allegedly made by defendant directly after his arrest. Police officer Frank Capadonna testified that he had arrested defendant in February, 1959, and had been a witness at defendant's prior burglary trial in March of 1960. A record of defendant's conviction of that offense was introduced as evidence at the trial.

Defendant testified that he did not make the statements attributed to him by officer Novak at both this trial and the trial on the armed robbery charge. An acquaintance of defendant testified on his behalf concerning a prior contact that he and defendant had with officer Novak, attempting to show the officer's prejudice and willingness to "frame" defendant. Another acquaintance of defendant, who was present when defendant was arrested, testified briefly concerning what he observed of the circumstances surrounding the defendant's arrest, but his testimony was of little consequence. Defendant's sister testified for the defense concerning the handwriting on the check and register card and stated that it was not the handwriting of defendant.

Defendant argues that the indictment failed to suffici-

ently specify the nature of the offense with which he was charged. This argument is predicated upon the fact that the former offense specified as "carrying firearms," set forth in section 4 of the act relating to deadly weapons (Ill. Rev. Stat. 1961, chap. 38, par. 155), had been repealed at the time this offense was alleged to have been committed, and that the provision of the Illinois Criminal Code (Ill. Rev. Seat. 1961, chap. 38, par. 24—1), entitled "unlawful use of weapons", which is applicable to defendant, is not entitled "carrying a concealed weapon" or "carrying firearms". He argues that he has been charged with a nonexistent offense. We disagree. Section 24—1(a)(4) clearly proscribes the carrying of a concealed weapon on or about one's person, and the indictment clearly alleges such conduct. It is manifestly sufficient to apprise defendant of the nature of the offense charged against him. It is to be noted also that defendant's motion for a bill of particulars was allowed.

It is further maintained that the court erroneously allowed the prior offense allegation of the indictment to stand and permitted subsequent proof that defendant had been convicted of a felony within 5 years of the date of this offense. Defendant argues that the question of whether he has been convicted of a prior felony is not an element of the offense, but merely relates to the severity of the sentence which may be imposed. However, violation of section 24—1(a)(4), in the absence of a prior felony conviction within 5 years is a misdemeanor, while violation of that same section after having been convicted of a felony within the previous 5 years constitutes a felony (sec. 24—1(b)) as misdemeanor and felony are defined in the Criminal Code of 1961 (Ill. Rev. Stat. 1961, chap. 38, pars. 2—11, 2—7). Under such circumstances, it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon. (*Cf. People* v. *Booker,* 34 Ill.2d 16, 17.) Resolution of this

question also disposes of defendant's contention that the State's *nolle prosequi* of count I of the indictment in effect was a dismissal of the charge, for it is elementary that it is unnecessary to allege a lesser included offense in an indictment charging an offense of a higher degree when, in order to convict on the higher charge, the prosecution must prove every element necessary for a conviction on the lesser charge. *People* v. *King,* 34 Ill.2d 199; *People* v. *Simmons,* 26 Ill.2d 400; *People* v. *Lewis,* 375 Ill. 330; *Prindiville* v. *People,* 42 Ill. 217.

Defendant's contentions that the pistol and his alleged inculpatory statements at the time of his arrest should not have been introduced as evidence against him at the unlawful-use-of-weapons trial have been adequately disposed of earlier in this opinion during the discussion of the armed robbery trial. His claim that the testimony of witness Posdal concerning the "bad check" and its admission into evidence constitutes prejudicial evidence of an unrelated crime is without merit. While it is true that proof of the commission of a separate offense unrelated to the crime charged ordinarily should not be received, if such evidence tends to prove the offense charged it may be admitted notwithstanding the disclosure of other crimes involving defendant. (*People* v. *Bernette,* 30 Ill.2d 359; *People* v. *Lawler,* 23 Ill.2d 38; *People* v. *Rogers,* 413 Ill. 554.) Here, the testimony of Posdal was relevant as tending to prove that defendant had acquired from him the same weapon which formed the basis for the charge. That during the narrative concerning defendant's acquisition, the witness gave testimony concerning an incidental separate offense does not amount to reversible error. See *People* v. *Jackson,* 22 Ill.2d 382, 391; *People* v. *Marose,* 10 Ill.2d 340.

Defendant further argues that the State wrongfully suppressed lists of names and addresses of witnesses to defendant's arrest in its possession. Officer Novak testified at the trial that he had taken down names and addresses of

some patrons at the tavern at the time of defendant's arrest. The trial court allowed defendant's motion for a list of witnesses to be called by the State under section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1961, chap. 38, par. 729), and the prosecution complied therewith. No Illinois authority is cited, and we are aware of none, that requires the State to furnish defendant with a list of occurrence witnesses whom the State has no intention of calling in its behalf. Insofar as defendant's other pretrial motions call for the production of police reports, it is clear that such material need not be disclosed unless sought for impeachment purposes at the trial after a witness has testified. (*People* v. *Turner,* 29 Ill.2d 379, 383; *People* v. *Wolff,* 19 Ill.2d 318, 323). The court thus did not err in denying defendant's pretrial motions for production.

Defendant, whose indigence was established, requested the court to appoint a handwriting expert at the State's expense in order that he could establish that he had not signed the "bad check" or written upon the register card. The statute cited (Ill. Rev. Stat. 1965, chap. 38, par. 113—3), which in any event applies only to capital cases, was not in effect during the time of defendant's trial, and there was at that time no existing authority justifying the allowance of the request. The trial court did not err in denying defendant's motion.

It is argued that the conduct and remarks of the assistant State's Attorneys throughout the course of both trials warrant reversal and remandment. Concerning the remarks relative to defendant's arrest and his possession of a gun during the armed robbery trial, and those as to defendant's prior burglary conviction and his arrest during the unlawful-use-of-weapons trial, the assistant State's Attorney was properly commenting upon evidence validly introduced during the trials. It has been stated that "Arguments and statements based on the facts appearing in the proof or on legitimate inferences deducible therefrom do not transcend the

grounds of legitimate argument. * * * It is proper for the prosecuting attorney to reflect unfavorably on the accused and to denounce his wickedness and even indulge in invective. The State's Attorney has the right to dwell on the evil results of crime and to urge fearless administration of the law." (*People* v. *Halteman,* 10 Ill.2d 74, 83.) Remarks other than those referred to above were not of a prejudicial nature, and after a review of the entire records in both cases we are unable to conclude that the remarks and conduct complained of constitute reversible error.

Defendant maintains that the State knowingly introduced perjured testimony or allowed it to stand after becoming aware that it was perjured. He specifically attacks the testimony of officer Novak, who was called by the State during both trials. The trial court, after hearing arguments in support of and in opposition to the claimed perjury, concluded that defendant was not entitled to relief. We believe that determination was correct, for examination of the claimed perjury of officer Novak discloses only minor discrepancies between his testimony at the armed robbery trial and his statements during the concealed weapon trial. We will not disturb a final judgment unless it is shown by clear and convincing evidence that the claimed perjured testimony was wilfully and purposely falsely given and is so material to the issue tried as to have probably controlled the result. *People* v. *Lewis,* 22 Ill.2d 68, 71.

It is finally argued that defendant was not proved guilty of either charge beyond a reasonable doubt. Concerning the armed robbery charge, defendant was positively identified as the robber by the victim during a line-up and later at the trial. The opportunity for identification by this witness was unusually good, as the mid-day robbery occurred outside during a clear day and the witness stood face-to-face with the robber throughout the occurrence. The credibility and weight to be given the testimony of defendant's alibi witnesses is a matter for the trial court whose determination

will not be disturbed unless palpably erroneous. (*People* v. *Lion,* 10 Ill.2d 208, 215, 216; *People* v. *Flowers,* 14 Ill.2d 406, 410; *People* v. *Woodruff,* 9 Ill.2d 429, 434.) We believe the evidence adduced at the trial clearly established defendant's guilt. As to the unlawful-use-of-weapons charge, defendant argues that the elements of concealment and accessibility have not been sufficiently established. Officer Novak testified that he observed a pistol, subsequently shown to have been loaded, fall from defendant's trouser leg during the course of the arrest. This testimony, if credible, and the jury apparently thought it was, is more than sufficient to establish the requisite elements of concealment and accessibility. See *People* v. *Russell,* 20 Ill.2d 344, adopting the opinion of the appellate court, *People* v. *Russell,* 23 Ill. App.2d 13.

The judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*