THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT PLAIR, Defendant-Appellant.

First District (1st Division)   No. 76-147

Opinion filed July 18, 1977.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and Louis R. Schroeder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

The defendant was indicted for unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)), and, under an enhanced penalty provision, for committing that same offense within five years of his release from the penitentiary on a felony conviction. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)).[1] A jury in the Circuit Court of Cook County found him guilty on both counts. He was sentenced to a term of imprisonment of from three to nine years. On appeal, it is argued (1) that the trial court erred (a) in refusing to bar substantive proof before the jury of his prior conviction of armed robbery,[2] (b) in admitting certain hearsay statements, and (c) in permitting improper rebuttal testimony, (2) that the prosecutor exceeded the bounds of proper argument, and (3) that the defendant's conviction for simple unlawful use of weapons must be vacated as a lesser included offense.

---

[1] Section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)) provides in pertinent part:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:
* * *
(7) * * * possesses or carries * * * any shotgun with a barrel less than 18 inches in length * * *."

Section 24—1(b) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)) provides in pertinent part:

"(b) * * * a person convicted of a violation of Subsection 24—1(a)(7) * * * commits a Class 4 felony. * * * A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary * * * violates any Subsection of this Section commits a Class 3 felony."

[2] In our original opinion, we indicated by way of a footnote that the appellant had abandoned this contention in light of People v. Ostrand (1966), 35 Ill. 2d 520, 221 N.E.2d 499. While this contention was raised in appellant's brief, filed September 6, 1976, on oral argument counsel indicated that in view of People v. Harvey No. 76-16, filed December 6, 1976, a case in which this same division of the First District flatly rejected an argument indistinguishable from that made in his brief, he would not be addressing himself to this contention. This, coupled with counsel's failure to add that he did not intend by this to waive the argument led us to proceed on the justified assumption of waiver. In view of the fact that

Before trial, the defendant moved to bar substantive use of his 1969 conviction of armed robbery. The court denied the motion on the basis of *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499. The defendant now urges that by virtue of allegations in the indictment and substantive proof presented to the jury concerning his prior armed robbery conviction he was denied a fair trial. We disagree.

In *People v. Ostrand*, the defendant was convicted under section 24—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, par. 24—1(b)), a statute which made the misdemeanor of carrying a concealed weapon (Ill. Rev. Stat. 1961, ch. 38, par. 24—1(a)(4)) a felony if committed within 5 years of a prior felony conviction. The defendant argued that the conviction of a prior felony was not an element of the offense, but rather merely related to the severity of the appropriate punishment. Hence, he contended that it was improper to permit allegations in the indictment and substantive proof regarding his prior conviction of burglary. In rejecting this contention, the court stated:

> "* * *[I]t was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." 35 Ill. 2d 520, 529, 221 N.E.2d 499, 505.

The defendant, however, seeks to distinguish *Ostrand* on the basis that while in *Ostrand* proof of the prior felony served to elevate the weapons offense from a misdemeanor to a felony, in the present case such proof would only raise a Class 4 felony to a Class 3 felony.[3] He argues that this distinction is supported by *People v. De Groot* (1968), 108 Ill. App. 2d 1, 247 N.E.2d 177. In *De Groot*, the State alleged the defendant's prior conviction for driving while intoxicated in an effort to obtain more serious punishment for the commission of that offense on a second occasion, pursuant to section 47(c) of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1965, ch. 95½, par. 144). The offense of driving while intoxicated, however, remained a misdemeanor, whether on the first offense or a subsequent one, and regardless of the interval between offenses. In reversing the conviction, the court distinguished *Ostrand*, saying:

> "The present case differs from *Ostrand* in that the increased penalty involves no transition from a misdemeanor to a felony *and*

---

this court's opinion in *Harvey*, which will not be published, merely found *Ostrand* to be applicable to circumstances like those now before us, we referred in our footnote to *Ostrand*. Appellant, however, has filed a petition for rehearing, asking that we strike that footnote and address the issue concerned. Only in view of the fact that the interpretation or clarification of *Ostrand* provided by *Harvey* may in fact be of some precedential value, we have granted the appellant's petition, and have dealt with the issue in essentially the same manner as did *Harvey*.

[3] See note 1, *supra*.

*an indictment is not required to obtain the increased penalty.* See Ill. Rev. Stat. 1965, ch. 38, par. 111—2(a)." (Emphasis added). 108 Ill. App. 2d 1, 9, 247 N.E.2d 177, 181.

■■■ We think it very clear that the operative point of distinction is that in *De Groot* there was no requirement that the prior offense be alleged in the indictment in order to obtain the more serious penalty on conviction. *Ostrand* established quite clearly that in the case of unlawful use of weapons it was "necessary" for the prior felony to be alleged and proven. Moreover, this point has been recently reiterated by the Illinois Supreme Court in *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, wherein it was said:

> "It is settled that the State must allege and prove a prior conviction to establish the commission of felonious unlawful use of a weapon." 63 Ill. 2d 134, 138, 345 N.E.2d 496, 498, *citing People v. Ostrand.*

In view of the difference between *Ostrand* and the present case on one hand and *De Groot* on the other in terms of the need for allegation and proof of the prior conviction, the similarity between *De Groot* and the present case as far as a lack of the transition from the technical classification of "misdemeanor" to that of "felony" is no more than superficial. As the court noted in *People v. Long* (1955), 4 Ill. 2d 598, 123 N.E.2d 718, in an analagous situation:

> "The prosecution has no alternative under the law as it now exists in this State but to present to the same jury the record of the defendant's previous conviction as well as proof to sustain the recent charge." 4 Ill. 2d 598, 604, 123 N.E.2d 718 (cited in *People v. De Groot*, 108 Ill. App. 2d 1, 8.)

We thus find appellant's argument to be without merit.

At trial the State produced the testimony of Chicago Police Officers Monahan and Palenik. Officer Monahan testified that on January 24, 1974, at about 7:30 p.m., he and Officer Palenik were in an unmarked police car stopped at the intersection of 55th Street and Racine Avenue in Chicago. A woman approached and asked if they were police officers. When they replied, she told them that two male Negroes had just passed her walking east on 55th Street and that one of the two, wearing a long brown coat and a checkered hat, had what appeared to be a weapon in his coat. Palenik asked the woman whether two men at that time walking east on 55th Street about one-half block away were the ones she had seen. She replied "Yes, they are." Monahan's statements as to what the woman had said were admitted into evidence over the objections of defense counsel that such testimony would be hearsay.

Monahan and Palenik then drove east on 55th Street until they reached

two suspects. Monahan noticed that one of the two, whom he identified as the defendant, Scott Plair, was wearing a long brown coat and a checkered hat. The man walking with the defendant was Jerome Brown. Both officers got out of the car. Palenik, approaching the suspects from the front, identified himself as a police officer. Suddenly, the defendant turned toward Palenik and began to pull his right hand out of his coat pocket. Monahan, who had come up from behind the suspects, saw in the defendant's hand the barrel of a gun. He struck the defendant on the head, knocking him to the ground. A sawed-off shotgun protruded from the pocket on the right side of the defendant's coat. Monahan removed the weapon and unloaded it. The defendant and Brown were taken into custody.

Officer Palenik presented essentially the same version of the facts as did Monahan. Like Monahan, Palenik was permitted to testify as to statements made by the woman in identifying the two suspects. Palenik stated that the defendant had been wearing a long brown coat and that on the right side of that coat, in addition to the regular pocket, there was a slit through which the wearer could reach inside the coat.

It was stipulated that the barrel of the weapon identified by Monahan as that taken from the defendant was only 12½ inches long. It was further stipulated that the defendant had been convicted of armed robbery and had been sentenced on April 7, 1969, to serve two years and a day in the Illinois State Penitentiary.

The defendant testified on his own behalf. He stated that on the evening of January 24, 1974, he was walking east on 55th Street with Jerome Brown. Earlier, he had been to a tavern and had been drinking. Although he was not drunk, he could not remember whether he had met Brown prior to or after leaving the tavern. As was his custom when "high", he was walking with his head down. He was not aware of the presence of the two police officers until just before one of them struck him on the head. The defendant stated that he was not carrying a shotgun when arrested and that the first time he saw the weapon in question was at the police station. Until the day after his arrest, when he appeared in court, he thought that he had simply been charged with disorderly conduct.

Jerome Brown also testified on behalf of the defendant. He stated that on the evening in question he had met the defendant at the defendant's home and that the two had gone to a nearby tavern. At the tavern the defendant drank, but mostly played pool. After leaving the tavern, the defendant and Brown were walking east on 55th Street when they were stopped by Officers Monahan and Palenik. Brown stated that he first saw the shotgun lying on the ground about two or three feet from where he

had stopped. When asked whether he had been in possession of a weapon or whether he had seen the shotgun before it was lying on the ground he refused to answer. However, Brown testified that Monahan had been carrying the shotgun as he approached from the unmarked car.

■■ It is contended that the trial court erred in permitting the police officers to testify to the woman's statements indicating that the defendant had been carrying a gun. We agree that under the circumstances this testimony constituted objectionable hearsay. (*People v. Holt* (1963), 28 Ill. 2d 30, 190 N.E.2d 797; *People v. Thompson* (1970), 128 Ill. App. 2d 420, 263 N.E.2d 124.) However, where in light of the entire record it is apparent that hearsay testimony was not prejudicial, any error committed in its reception does not warrant reversal. (*People v. Pelkola* (1960), 19 Ill. 2d 156, 166 N.E.2d 54; *People v. Colon* (1974), 20 Ill. App. 3d 858, 314 N.E.2d 664.) Admission of hearsay evidence is not prejudicial where that evidence is merely cumulative and where the accused's guilt is sufficiently established by proper evidence. (*People v. Thompson; People v. Williams* (1969), 117 Ill. App. 2d 34, 254 N.E.2d 81; *cf. People v. Hines* (1973), 12 Ill. App. 3d 582, 299 N.E.2d 581.) In the present case, the court heard the testimony of two police officers that the defendant was found in possession of a sawed-off shotgun. The testimony concerning the woman's statements did little if anything to strengthen the State's case. We find that the hearsay testimony was merely cumulative, and hence did not prejudice the defendant.

On rebuttal, Officer Palenik testified that in filling out an arrest slip on the night in question he checked a box indicating that the defendant had been sober. The defendant contends that the court erred in permitting this testimony, since it constituted rebuttal on a purely collateral matter.

■■ Rebuttal evidence is that which explains, repels, contradicts, or disproves evidence produced by the accused. (*People v. Bell* (1927), 328 Ill. 446, 159 N.E. 807; *People v. Johnson* (1973), 11 Ill. App. 3d 745, 297 N.E.2d 683.) While rebuttal evidence may properly contradict the defendant's testimony on a material issue, it is improper as to collateral matters. (*People v. Allen* (1975), 27 Ill. App. 3d 1054, 327 N.E.2d 387; *People v. McGhee* (1974), 20 Ill. App. 3d 915, 314 N.E.2d 313.) In the present case, we find that the issue of the defendant's sobriety was sufficiently material to admit of rebuttal testimony. The defendant's testimony that he had been drinking was not an isolated remark. A review of his full testimony reveals that he repeatedly asserted that his being high had prevented him from noticing or remembering the details of the incident. Thus, the defendant made the issue of his sobriety highly material to the credibility of his version of the incident. The situation here is similar to one in which the defendant, by offering an alibi, places in

issue his whereabouts at the time of the offense. It has been held that in such a case evidence may be properly admitted to rebut the defendant's alibi even though that evidence does not itself serve to place the defendant at the scene of the crime. (*People v. Dennis* (1970), 47 Ill. 2d 120, 265 N.E.2d 385.) Moreover, the admissibility of rebuttal evidence is a matter left to the discretion of the trial court, subject to review only in cases of clear abuse. *People v. Gentry* (1974), 19 Ill. App. 3d 861, 312 N.E.2d 441.

In the course of his closing argument, the prosecutor remarked that if the jury did not find the defendant guilty "\* \* \* maybe the police department isn't going to be so eager to go after these things." To this the defendant assigns error. However, we find here no basis for a reversal of the defendant's conviction.

■■ First, the record clearly indicates that defense counsel did not object to this particular remark at trial, nor did he make any more general objection which might be interpreted as extending to this remark. Absent plain error, failure to make a timely objection to alleged improper arguments by the prosecution constitutes a waiver of that objection. (*People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630.) Hence, we need not consider this matter on appeal.

■■ Moreover, we think that the remark complained of, although apparently improper, was not prejudicial to the defendant. The present situation is quite similar to that found in *People v. Clark* (1972), 52 Ill 2d 374, 288 N.E.2d 363. In *Clark*, among other questionable comments, the prosecutor had asked the jury, regarding the prospect of acquittal, "What are you going to tell this community and what are you going to tell 12,000 Chicago policemen?" In upholding the defendant's conviction, the court said:

> " 'While the comments exceeded the bounds of propriety, we do not think that under the circumstances of this case they were sufficiently prejudicial to call for a reversal. Where it appears that improper remarks do not constitute a material factor in the conviction, or that they are of such a minor character that prejudice to defendant is not their probable result, the verdict will not be disturbed.' *People v. Stahl* (1962), 26 Ill. 2d 403, 405; *People v. Berry* (1960), 18 Ill. 2d 453, 458; *People v. Sustak* (1958), 15 Ill. 2d 115, 126." (52 Ill. 2d 374, 390, 288 N.E.2d 363, 372.)

Viewing the evidence and arguments as a whole, we find that any slight impropriety in the prosecutor's remarks was of very minor significance.

Lastly, the defendant contends that his conviction of simple unlawful use of weapons is a lesser included offense in the conviction of the enhanced penalty count. Clearly, this is the case. (*People v. Evans* (1974),

22 Ill. App. 3d 733, 317 N.E.2d 734.) Accordingly, we affirm the conviction on the enhanced penalty count, and vacate the conviction of simple unlawful use of weapons.

Affirmed in part, vacated in part.

McGLOON and O'CONNOR, JJ., concur.