MARVIN H. SCHEFFKI, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF CALUMET CITY, Defendant-Appellee.

(No. 58475; ▮▮▮▮▮▮▮▮)

First District (3rd Division)—November 7, 1974.

Louis V. Kiefor, of Calumet City, for appellant.

John S. Wrona, of Calumet City, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Marvin Scheffki, appeals from an order of the Circuit Court which denied his request for a declaratory judgment and an injunction against the defendant, Board of Fire and Police Commissioners of Calumet City.

A board rule and the statute which it implements both prescribe that seniority in service must be considered as a factor in determining the eligibility for promotion of policemen and firemen. The sole issue for our consideration is whether the board correctly interpreted and applied its rule by a decision to deny credit for periods of earlier service when an employee has voluntarily interrupted his employment.

The regulation over which this controversy arose was promulgated pursuant to the authority granted by the Act governing boards of police and fire commissioners which provides:

> "The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion."

(Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—15.)

The statute does not further define the term "seniority in service," nor does the rule adopted by the board. Section 7, chapter III—D of the board's published Rules and Regulations states:

> "The Commission shall provide for promotion in the fire and police services on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases where it is practicable that vacancies shall be filled by promotion. All examination for promotion shall be competitive among such members, who have completed their 6 months probation period, of the next lower rank as desire to submit themselves to such examination, and all promotions shall be made from the three having the highest rating."

The rule further provides that promotion ratings will be based on an 80-point scale. A maximum of 70 points may be earned from the written examination, while 1 point per year, to a limit of 10, is awarded for seniority.

There is no transcript of the circuit court proceeding and the parties have stipulated to the following facts: On May 16, 1960, Scheffki was appointed a patrolman in the Calumet City Police Department. He voluntarily resigned from that position on August 1, 1965. Two years later, on October 1, 1967, after qualifying anew as for an original appointment, he was reappointed to the position of patrolman. In September 1968, the City credited him with the period of his earlier service in order to qualify him for longevity pay. In June 1969, he took the competitive examination for promotion to the rank of sergeant. Based upon his test score and seniority, he was placed in fourth position on the police department's eligibility list—one place short of the position required to be in line for the next available vacancy. In computing his seniority the board refused to take into account his prior period of service from 1960 to 1965. Had it done so, his revised score would have placed him third on the eligibility list and thus qualified him for future appointment as a sergeant.

Scheffki brought this suit in September 1969. He sought a judgment declaring that the board could not disregard his earlier period of service in ascertaining his seniority, and an injunction to forbid the promotion of any person on the eligibility list until his rights were determined. In denying the requested relief, the court entered a written order declaring that seniority is predicated on continuous service as a policeman and any voluntary interruption of such service divests a policeman of the right to claim seniority for such service; that if a former policeman is subsequently reappointed in the same department, he will begin to accrue seniority only after completing his new period of probation.

■ There is general agreement that reviewing courts should accord substantial discretion to administrative agencies in the construction and application of their rules, interfering only if a body's interpretation is plainly erroneous or inconsistent with long-settled constructions. (2 Am.Jur.2d *Administrative Law* §§ 241, 242, 243 (1962); *Josam Manufacturing Co. v. State Board of Health* (1965), 26 Wis.2d 587, 133 N.W.2d 301.) The doctrine does not invite arbitrariness or inconsistency from case to case, because an interpretation, like its parent statute and rule, binds the agency as its policy and must be followed. (*Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill.App.3d 661, 281 N.E.2d 728; *United States v. Leichtfuss* (N.D. Ill. 1971), 331 F. Supp. 723; *Sawyer v. Central Louisiana Electric Co.* (La. App. 1961), 136 So.2d 153.) After judicial review, the agency will be bound to follow a construction ratified

or substituted by the court (Annot., 79 A.L.R.2d 1126 (1961); *In re Dresher's Claim* (1955), 286 App.Div. 591, 146 N.Y.S.2d 428), at least until the proper amendment of the underlying rule. *Margolin v. Public Mutual Fire Insurance Co.*

Scheffki's argument begins with the assertion that the rule as interpreted goes beyond the power delegated to the board by its enabling legislation. It is a difficult position to support, since no conflict appears between the literal language of the rule and that of the statute. Both employ the same term, "seniority in service," and each adds nothing further by way of definition. Nevertheless, the argument is made that if the legislature had intended for the board to restrict seniority credit only to continuous employment, the statute would contain the phrase "continuous seniority in service." This interpretation rests on two decisions, *Hess v. Board of Trustees* (1913), 188 Ill.App. 8, and *People ex rel. Mc-Graham v. Armstrong* (1915), 196 Ill.App. 199. It was held in those cases that statutes conditioning eligibility for police pensions on service to the department for a specified number of years did not require continuous service. But no reference to seniority appears in either case, and the provisions construed do not compare easily to the one with which we are concerned. When the legislature drafted the pension prerequisites and the courts adjudicated their meaning, they were balancing only the interests of the pension funds of governmental units against those of prospective pensioners. In contrast to that situation, promotional processes entail competition among protected employees, while the board serves as a neutral referee. Section 11—2.1—15 is best construed by examination in the context of its own Act. To the extent indicia appear at all, they imply that seniority will be saved only if it is continuous or has been interrupted for certain specified causes, all of which appear to be involuntary. Two examples of privileged separations are induction into military service and leave of absence associated with disability incurred in the line of duty. Ill. Rev. Stat. 1967, ch. 24, pars. 10—2.1—23, 10—2.1—24.

■■ At the very least these clues negate any necessary implication that the statute requires accreditation of all service whether continuous or not when ascertaining seniority for purposes of promotion. We thus reject the argument that by basing seniority on continuous service the board exceeded the scope of its authority under the Board of Police and Fire Commissioners Act. It remains only to inquire whether the board's interpretation and application of its rule was plainly erroneous, arbitrary or inconsistent with the rule itself. We find that it was not.

■■ On the issue of consistency, the board contends that the meaning of "seniority in service" as employed in its rule was clear before its appli-

cation in Scheffki's case. In section 6 of chapter III-C of the rules, which deals with the probationary period to be served by new appointees to the force, it is provided that "* * * time served on probation, whether continuous or not, shall be credited upon the period of probation." The board reasons that if the following section, governing promotions, had been intended to extend seniority rights for promotion to persons with broken service, consistency would require parallel language mandating credit for "seniority in service, whether continuous or not." Since the rules are a form of law, and provisions of law should not be construed in isolation from one another when meant to cover a subject comprehensively (*Pliakos v. Liquor Control Com.* (1957), 11 Ill.2d 456, 143 N.E.2d 47), this is a plausible construction. Moreover, since both the statute and the rule employ the same general language, it is doubtful that any reasonable interpretation by the board could be attacked for inconsistency.

As to whether the interpretation and application were reasonable, the plaintiff first advances a novel syllogism: City policemen are subject to burdens of military discipline similar to those borne by soldiers in the Federal armed forces; under Federal statutes and Army Regulations members of the armed forces may total all years of service whether continuous or not to qualify for a number of entitlements, including qualification for retirement and eligibility for promotion; therefore, City policemen should receive credit for all periods of service when computing seniority points in a promotion rating. Ignoring the questionable logic of the proposition, it would be quite beyond our power to incorporate portions of the United States Code and Army Regulations into the Illinois Municipal Code by judicial fiat.

Scheffki further supports his argument of unreasonableness by comparing the board's decision to that of the elected officials of Calumet City, who in 1968 credited his prior service and granted him longevity pay. He contends that the City's construction of seriority to include all service, whether continuous or not, should control the board's own definition.

■■ The City's determination to grant longevity pay is not properly analogized to the question before us. The distinction between the noncontinuous service recognized for longevity purposes and the continuous service required for promotional purposes is meaningful. The latter may affect other members of the force seeking promotion to the same position; the former does not. The former affects pension funds only; absence of the latter could have an adverse impact on the morale of competitors who have records of unbroken service. For example, patrolmen who joined the department after Scheffki's departure in 1965 but before his return would find that they had to overcome deficits of perhaps several points because

of earlier service credited to a competitor who was unknown to them when they were first employed. Nor should the needs of the Police Department itself be overlooked. The board's approach supplies an incentive for employees to serve continuously, which in turn facilitates planning and reduces the costs of employee turnover. Also, other things being equal, a man who has acquired experience through continuous service may be of greater value to the department than one who has interrupted his service and who may have to substantially relearn his job upon returning to the force. Since seniority points are a form of reward for the knowledge and efficiency which attend experience, it is reasonable that the employee with continuous service should be preferred to the one who has voluntarily interrupted his service.

The board's interpretation and application of its rule 111-D-7 to require that credit for seniority be based on continuous service were reasonable, and the judgment will be affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.