THE CITY OF HIGHLAND, Petitioner, *v.* THE POLLUTION CONTROL
BOARD *et al.*, Respondents.

Fifth District   No. 77-500

Opinion filed November 20, 1978.

John P. Geismann, of Highland, for petitioner.

William J. Scott, Attorney General, of Springfield (Reed W. Neuman and John Van Vranken, Assistant Attorneys General, of counsel), for respondents.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Pursuant to section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1041), the city of Highland seeks judicial review of an order of the Pollution Control Board which found that the city's power plant violated a noise pollution regulation promulgated under section 25 of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1025), and imposed sanctions for the violations.

Only two issues are presented for our review: whether certain reports of sound pressure level tests conducted by Environmental Protection Agency personnel (noise survey reports) were properly admitted into evidence during the hearings conducted by the board, and whether the noise survey reports constituted a sufficient basis for the board's decision. More specifically, the city contends that the reports were not admissible under the so-called business records exception to the hearsay rule, and that the testing procedures employed did not comply with standards adopted by the board for ascertainment of noise pollution violations.

Supreme Court Rule 236(a), adopted verbatim by the Pollution Control Board in its procedural rules, provides:

> "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind." Ill. Rev. Stat. 1975, ch. 110A, par. 236(a).

■■■ We think that the noise survey reports at issue here clearly fit within this exception to the hearsay rule. The evidence was uncontradicted that these were records of tests conducted in the regular course of business of the Environmental Protection Agency, which is charged by statute with the duty to investigate noise pollution and prepare and present enforcement cases before the board. (See Ill. Rev. Stat. 1975, ch. 111½, pars. 1004(b)-(e) and 1030.) The integrity of the reports was not seriously challenged. The agency employee who conducted the tests was present at the hearings and was cross-examined extensively. As for the contention by the city that the agency failed to elicit any evidence as to the scientific

validity of the tests performed before the reports were admitted into evidence, that goes to the weight, not the admissibility, of the reports.

■■ Our conclusion that there was no error in the admission of the reports is fortified by Procedural Rule 321(a) of the board, which provides in pertinent part:

> "The Hearing Officer shall receive evidence which is admissible under the law of the rules of evidence of Illinois pertaining to civil actions. In addition, the Hearing Officer may receive material, relevant evidence which would be relied upon by a reasonably prudent person in the conduct of serious affairs which is reasonably reliable and reasonably necessary to resolution of the issue for which it is offered* * *." (*Cf.* Ill. Rev. Stat. 1977, ch. 127, par. 1012.)

It is a well-settled rule of administrative review that we must give deference to the board's interpretation of its own rules. (*Modine Manufacturing Co. v. Pollution Control Board,* 40 Ill. App. 3d 498, 502, 351 N.E.2d 875, 879 (2d Dist. 1976), and cases cited therein.) This is especially so in the case of a rule such as Rule 321(a), which requires a determination as to what technical evidence would be relied upon by a scientifically competent person in resolving a scientific question. The board has the expertise to make such a determination; this court does not.

Because we hold that the reports were properly admitted under the business records exception to the hearsay rule, we need not decide whether, as the board and agency contend in the alternative, they would also have been admissible as public records.

The city's second contention is even less susceptible to judicial review. We must treat the board's findings and conclusions on questions of fact as prima facie true and correct. (Ill. Rev. Stat. 1975, ch. 110, par. 274.) We do not weigh the evidence or make fact determinations, and we can reverse the board's determinations only if we find them to be against the manifest weight of the evidence. See, *e.g., Holiday Inns, Inc. v. Pollution Control Board,* 27 Ill. App. 3d 704, 707, 327 N.E.2d 364, 367 (5th Dist. 1975).

■■ The board here concluded on the basis of the evidence before it that the agency's deviations from optimal testing procedures had, at the most, negligible effects on the results obtained in the sound pressure level tests, and that violations of the noise pollution regulation had been satisfactorily proved. There is nothing in the record before us to suggest that these conclusions are against the manifest weight of the evidence.

For the foregoing reasons, the order of the Pollution Control Board is affirmed.

Affirmed.

KARNS and G. J. MORAN, J., concur.