MARATHON OIL COMPANY, Plaintiff-Appellant, *v.* RICHARD H. BRICELAND, Director, Illinois Environmental Protection Agency, *et al.*, Defendants-Appellees.

Fifth District   No. 78-436

Opinion filed August 10, 1979.

Joseph S. Wright, Jr., and Johnnine Brown Hazard, of Rooks, Pitts, Fullagar and Poust, of Chicago, John P. Ewart, of Craig and Craig, of Mattoon, and Delvin C. Menge, of Marathon Oil Company, of Robinson, for appellant.

William J. Scott, Attorney General, of Chicago (Judith S. Goodie, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE KUNCE delivered the opinion of the court:

This appeal is before us from a summary judgment order of the Circuit Court of Crawford County dismissing Marathon Oil Company's complaint seeking a declaratory judgment reinterpreting a rule of the Illinois Pollution Control Board.

In this case we are asked to reverse the holding of *Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 370 N.E.2d 3, *appeal denied* (1978), 71 Ill. 2d 599. In *Olin*, this court construed a rule of the Illinois Pollution Control Board (Rule 302(k)) pertaining to the classification of bodies of water for purposes of establishing permissible pollution limits. The instant action for declaratory relief brought by Marathon Oil Company raises the identical issue: the proper interpretation of Rule 302(k). The trial court expressly relied upon *Olin* in granting summary judgment for the defendants, the Illinois Environmental Protection Agency and its director, and five members of the Pollution Control Board. As the undisputed facts in this case do not differ materially from those in *Olin* and the same issues are presented, they will not be set out in this opinion.

On this appeal, Marathon urges that our interpretation of the rule in *Olin* was erroneous, and that we should reconsider it and overrule it. After

careful consideration of the excellent briefs of the parties, we decline the invitation to overrule *Olin* and affirm the ruling of the trial court.

■■ Our decision is grounded on the doctrine of *stare decisis*. The threshold question is to what extent this court should feel itself bound to follow its previous pronouncements as to what the law is. Citing *Rosenthal v. Board of Education* (1915), 270 Ill. 380, 110 N.E. 579, the defendants state:

"Under the doctrine of *stare decisis*, the court having once decided an issue of law is bound to abide by the decision when confronted again with the same issue."

This is a bald statement of the doctrine at its least flexible, and thus amounts to a misstatement: *stare decisis* is not universally applicable to all situations without exception. (*Neff v. George* (1936), 364 Ill. 306, 4 N.E.2d 388.) As the Illinois Supreme Court said in *Neff*:

"* * * The doctrine has more or less force, according to the nature of the question decided. Stated in its general and simplest terms, the doctrine of *stare decisis* expresses the policy of the courts to stand by precedents and not to disturb settled points. * * * [But] where it is clear that the court has made a mistake it will not decline to correct it although it may have been reasserted and acquiesced in for a long number of years, especially if the former decisions are injurious or unjust in their operation." 364 Ill. 306, 308-09, 4 N.E.2d 388, 390-91; for more recent discussions of the doctrine of *stare decisis* by the supreme court, see *Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445, and *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89.

Mr. Justice Cardozo pointed out in The Nature of the Judicial Process 149-52 (1921):

"In these days, there is a good deal of discussion whether the rules of adherence to precedent ought to be abandoned altogether. I would not go so far myself. I think adherence to precedent should be the rule and not the exception. * * * I think that when a rule, *after it has been duly tested by experience*, has been found to be inconsistent with the sense of justice or with the social welfare, there should be less hesitation in frank avowal and full abandonment." (Emphasis added.)

Only this year, our supreme court illustrated its willingness to correct a perceived mistake in its recent analysis of whether or not robbery is a specific intent offense. In so doing, the court stated: "We feel compelled to rectify our error and defer to legislative prerogative." (*People v. Banks* (1979), 75 Ill. 2d 383, 392, 388 N.E.2d 1244, 1248, overruling *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 337.) In the proper case, we would

likewise not hesitate to reverse ourselves. We conclude that this is not a proper case to do so.

Even if we were convinced that our prior interpretation of Rule 302(k) was erroneous, which we are not, we would be slow to change it where, as here, it has been adhered to since our decision by the administrative agency charged with its enforcement, and is urged before us now by that agency as the proper interpretation. Deference is due an agency's interpretation of its own rules. (*City of Highland v. Pollution Control Board* (1978), 66 Ill. App. 3d 143, 383 N.E.2d 692.) Administrative rules and regulations are in the nature of legislation. Because, like legislation, such rules and regulations can be amended, their judicial construction should not be lightly changed. See *Illinois Brick Co. v. Illinois* (1977), 431 U.S. 720, 736, 52 L. Ed. 2d 707, 719, 97 S. Ct. 2061, where the court speaks of the "presumption of adherence to * * * prior decisions construing legislative enactments * * *."

We do not think that Marathon has demonstrated good cause to justify departure from the interpretation we so recently reached in *Olin*. For us to reconsider the rule here would only lead to new confusion in an area of law once confused and now settled. (See the discussion in *Olin*, 54 Ill. App. 3d 480, 484-85, 370 N.E.2d 3, 6-7, concerning inconsistencies in prior interpretations of Rule 302(k).) As Mr. Justice Brandeis stated, dissenting in *Burnet v. Coronado Oil & Gas Co.* (1932), 285 U.S. 393, 406, 76 L. Ed. 815, 823, 52 S. Ct. 443, 447:

> "Stare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. [Citations.] This is commonly true even where the error is a matter of serious concern, provided correction can be had by legislation."

Because of our conclusion that the question raised by this appeal is governed by *Olin Corp. v. Pollution Control Board*, and that that decision should be adhered to, we affirm the judgment of the Circuit Court of Crawford County.

Affirmed.

KARNS and KASSERMAN, JJ., concur.