THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSEPH PALMER *et al.*, Defendants-Appellees.

First District (2nd Division) Nos. 82—1403, 82—1567 cons.

Opinion filed December 27, 1983.

DOWNING, P.J., dissenting.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lawrence R. Stasica, and Jane E. Liechty, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Frank D. Madea, Assistant Public Defender, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This appeal is taken from rulings in two cases which were consolidated for purposes of this appeal. Defendants were charged with unlawful use of weapons within five years of a prior felony conviction (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)) and each sought to exclude evidence of his prior felony convictions from consideration by the jury. Defendant Hollins offered to stipulate to his prior conviction outside the presence of the jury, and the trial court excluded evidence of that conviction from the jury. Defendant Palmer did not so stipulate and the trial court ordered a bifurcated proceeding under *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. The State filed interlocutory appeals from these rulings.

Defendant Joseph Palmer was charged by information with unlaw-

ful use of weapons within five years of a prior felony conviction. He waived his right to a jury and raised an objection to the unlawful use of weapons statute, arguing that if the trial court heard evidence of defendant's prior conviction for murder, defendant would not receive a fair trial. The court suggested that it would order a bifurcated proceeding in which the prior conviction would be considered by the sentencing court only after defendant was found guilty of misdemeanor unlawful use of weapons. The court commented that the information to be presented to the court as set forth in the charge would not cause prejudice to defendant because the case was being tried as a bench proceeding.

After the start of the trial, defendant indicated that he wished to withdraw his jury waiver and that he was unwilling to stipulate to his prior conviction. The court then ruled that it would not permit the State to prove the prior conviction to the jury as an element of the offense and indicated that it would order a bifurcated proceeding under *Hayes.*

Defendant Kenneth Hollins was charged by indictment with felony unlawful use of weapons and made a motion *in limine* to prohibit consideration by the jury of his prior conviction for burglary. The motion was granted by the court, and Hollins offered to stipulate to his conviction outside the presence of the jury.

In each case the State argued that, because the prior conviction was a factual element of the offense, the court's ruling would result in a verdict which was insufficient as a matter of law, and would therefore operate as a dismissal of the felony charge. The State then certified that the court's rulings substantially impaired its case as required under *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501.

The State now appeals the trial court's rulings disallowing evidence of defendants' prior convictions from being heard by the jury. Defendants contend that the rulings should be upheld under *Hayes.*

The Illinois Supreme Court has explicitly rejected the use of a bifurcated proceeding in circumstances similar to those of the case at bar. (*People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 394 N.E.2d 1043.) In *Pincham,* the supreme court said:

> "The decisions of this court have established that proof of the prior conviction is necessary to a conviction on the felony charge. (*People v. Edwards* (1976), 63 Ill. 2d 134; *People v. Ostrand* (1966), 35 Ill. 2d 520.) These decisions have been followed by the appellate court, and in *People v. Crawford* (1978), 59 Ill. App. 3d 211, the court held that where proof before the

jury established only possession of a weapon, the conviction was for a misdemeanor only in spite of a stipulation out of the presence of the jury as to the defendant's prior conviction and incarceration. That court held that proof of the aggravating circumstances must come before the finding of guilt or innocence, which is consistent with the decisions of this court." 76 Ill. 2d 478, 480.

This reasoning was followed by the appellate court in *People v. Wright* (1981), 98 Ill. App. 3d 1089, 1092, 425 N.E.2d 42.

Defendants contend that, despite this line of cases, the trial court's rulings should be upheld under *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. Defendants argue that *Hayes* eliminated the need for introducing evidence of a prior conviction, for purposes of enhancing the degree of the offense, during the evidentiary stage of the trial. However, *Hayes* discussed the leading Illinois cases on the subject (*People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876; *People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15; *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, *overruled on other grounds in People v. Bracey* (1972), 51 Ill. 2d 514, 519, 283 N.E.2d 685), which uniformly hold that it is proper to introduce evidence of prior convictions that serve to increase the degree of the offense during the evidentiary stage of the trial. Although we note that the supreme court in *Hayes* did not discuss *Pincham*, neither did it overrule the *Ostrand* line of cases upon which the *Pincham* decision was based. (See *People v. Collins* (1982), 109 Ill. App. 3d 1076, 1081, 441 N.E.2d 935.) We also note that, in *People v. Stapleton* (1983), 115 Ill. App. 3d 1067, 1070, 451 N.E.2d 584, the appellate court elected to follow *Hayes* over the *Ostrand* line of decisions. The court in *Stapleton* noted that *Hayes* did not overrule the *Ostrand* cases, but nonetheless cited *Hayes* in support of its decision not to require consideration by the jury of defendant's prior convictions in a felony unlawful use of weapons prosecution.

■ After careful consideration of *Hayes* and *Stapleton*, as well as of *Collins* and the *Ostrand* line of decisions which it follows, we must affirm the soundness of the *Ostrand* line of cases. (See *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499; *People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15; *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 498; *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 394 N.E.2d 1043; *People v. Crawford* (1978), 59 Ill. App. 3d 211, 375 N.E.2d 1314.) We therefore find that defendants' position is not supported by the case law in Illinois, and that evidence of defendants' prior felony convictions should be presented to the jury as an el-

ement of the felony offense of unlawful use of weapons.

■ The State asks that costs be taxed against defendants. A conviction is the prerequisite for the assessment of costs. (See *People v. Brown* (1983), 98 Ill. 2d 374; *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205; *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194; *People v. Halliday* (1979), 73 Ill. App. 3d 615, 392 N.E.2d 389; and Ill. Rev. Stat. 1981, ch. 53, par. 8.) No convictions having occurred, there is no authority for the assessment of costs.

For the reasons stated, this case is reversed and remanded for further proceedings in the circuit court of Cook County in accordance with this opinion.

Reversed and remanded.

HARTMAN, J., concurs.

PRESIDING JUSTICE DOWNING, dissenting:

As the majority notes, a conflict exists between the latest decision of our supreme court and a series of its earlier cases. Confusion exists as to when a defendant's prior conviction can be used for the purpose of enhancing the degree of an offense. As the result, defendants, trial attorneys, trial and reviewing courts in this State are uncertain as to which supreme court case to follow.

I dissent for the reason expressed in *People v. Hayes* (1973), 15 Ill. App. 3d 851, 859, 305 N.E.2d 283: "We also question whether, under the statutory scheme which provides for enhanced penalties, it is fundamentally fair to inject the fact of prior convictions either in the indictment or before the trier of fact, until there has been a finding of guilty as to the substantive offense." In that case, we felt constrained to follow, as does the majority here, *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, and *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876. However, now because of the supreme court's position in *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490,[1] I no longer feel constrained to follow *Ostrand* and *Dixon*. I recognize that in the 1981 *Hayes* case, the charge involved the retail theft statute (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3); whereas, in the instant case, as in *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 394 N.E.2d 1043, the charge is unlawful use of weapons (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)). As each statute provides for enhancing the degree of the offense, I perceive no reason why the

---

[1]The party in the 1973 *Hayes* case is not the same as in the 1981 *Hayes* case.

results should be different. Further, I believe that the rights of defendants are better protected, whereas, the rights of society are not diluted, by following the principle set forth by our supreme court in *Hayes*.

There is a 180 degree difference between the 1981 *Hayes* case and the *Pincham* case. As said in a separate concurring and dissenting opinion in *Redarowicz v. Ohlendorf* (1981), 95 Ill. App. 3d 444, 454, 420 N.E.2d 209, *rev'd in part* (1982), 92 Ill. 2d 171, a case involving conflicting appellate court decisions, "[h]ow do we decide to use one decision and reject another?" I think it appropriate to follow the *later* decision.

*Ostrand, Davis* and *Pincham* were not directly overruled by *Hayes*; yet, *In re Lane* (1962), 58 Cal. 2d 99, 105, 372 P.2d 897, 900, 22 Cal. Rptr. 857, 860, held that it is an established rule of law that a later decision overrules prior decisions which conflict with it, whether or not such prior decisions are mentioned and commented upon. (Also see R. Leflar, Appellate Judicial Opinions 28 (1974).) In a somewhat similar problem discussed by the United States Supreme Court in *James v. United States* (1961), 366 U.S. 213, 215, 6 L. Ed. 2d 246, 251, 81 S. Ct. 1052, 1053, Chief Justice Warren said the earlier decision, though not overruled, "was thoroughly devitalized" by a later Supreme Court decision.

I recognize the doctrine of *stare decisis*. (See *Neff v. George* (1936), 364 Ill. 306, 308-09, 4 N.E.2d 388; *Marathon Oil Co. v. Briceland* (1979), 75 Ill. App. 3d 189, 191, 394 N.E.2d 44.) But, I seriously question the applicability of that principle to the case at bar, for "the precedents we create are *not* for all times; law must respond to changing conditions in society." (Emphasis added.) (*Redarowicz v. Ohlendorf* (1981), 95 Ill. App. 3d 444, 455.) In addition, it is important to note the *Marathon Oil* court's concession that "*stare decisis* is not universally applicable to all situations without exception." *Marathon Oil Co. v. Briceland* (1979), 75 Ill. App. 3d 189, 191.

In *Pincham*, the supreme court adhered to the principle of law set forth in *Ostrand, Davis et al.* But, the *Hayes* court, while ignoring *Pincham*, and acknowledging but not overruling *Ostrand* and *Davis*, held that the *sentencing court* must make the finding beyond a reasonable doubt that the accused was convicted of a prior offense. I regard *Hayes* to be the governing decisional law here.

For the aforesaid reasons, I would affirm the judgment of the circuit court of Cook County.