CHICAGO TRANSIT AUTHORITY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Betty McMath, Appellee).

First District (Industrial Commission Division)   No. 1—85—1131WC

Opinion filed March 12, 1986.

Berger & Herman, Ltd., of Chicago (Marvin L. Herman and Judith W. Berger, of counsel), for appellant.

Goldberg, Fohrman & Weisman, Ltd., of Chicago (Norman H. Silverman, of counsel), for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

This appeal concerns what may be called a summary affirmance by the Industrial Commission of the findings of its arbitrator. The single issue raised is whether the Commission abused its authority in its interpretation of one of its rules. This is a question of law, and therefore the facts of the case are not pertinent to our decision.

Claimant filed an application for adjustment of claim, and after a hearing before an arbitrator, the arbitrator found that claimant had sustained injuries arising out of and in the course of her employment with the respondent Chicago Transit Authority (CTA) and awarded benefits. On review, the Commission affirmed that decision, and the circuit court of Cook County confirmed the Commission. CTA appeals, and we reverse and remand.

The arbitration hearing took place on January 12, 1983, with the arbitrator's decision entered February 7, 1983. CTA filed a timely petition for review before the Commission, and on May 2, 1983, counsel for claimant and CTA appeared before a commissioner and presented an authenticated transcript of the proceedings before the arbitrator. No further evidence was offered by either party, and the case was submitted on the record. Oral arguments before the Commission were scheduled for January 18, 1984.

At that time there was in effect Industrial Commission Rule 4—(7)(A), which provided, in pertinent part:

"In all cases in which oral argument is requested, each party filing a review (appellant) shall file a summary setting forth: (1) the name and number of the case; (2) the reviewing Commissioner; (3) the date set for oral argument; (4) the Arbitrator; (5) the Arbitrator's findings as to: (a) date of accident, (b) temporary total compensation awarded and paid, (c) medical expenses awarded and (d) amount of permanent disability found; (6) appellant's claim of error in the Arbitrator's decision; (7) particular evidence in the record and particular legal authorities which support appellant's claims. Five (5) copies of said summary should be filed with the Commission and served on all other parties not less than fifteen (15) days before the date set by the Commission for oral argument. The appellee may file and serve on all parties five (5) copies of a response not later than five (5) days before the date of oral argument. Each summary and re-

sponse shall be written on not more than one side of one piece of paper 8½" x 11" in size and shall have attached a certificate of service setting forth the date and manner of service on all parties. Appellee's summary will be rejected if not filed timely. Oral argument will be limited to the claims of error in the Arbitrator's decision set forth in the summary. Failure of the appellant to file timely the summary required by this rule shall constitute waiver of oral argument by the appellant except by order of the Commission for good cause shown."

CTA filed its summary sheet pursuant to the rule on January 9, 1984. It otherwise complied with the rule, but CTA admits that it was not timely filed. Counsel for claimant objected to CTA's oral argument because of the untimely filing of the summary sheet and the Commission sustained the objection.

Thereafter, on February 28, 1984, the Commission filed its decision on review which provided, in pertinent part:

"The Commission must deal as expeditiously and justly as possible with the claims and defenses of an almost unmanageable number of parties, and the effort involved often requires a balancing of the rights of those parties. It is therefore incumbent upon not only the Commission but the parties to recognize the respective rights of all who appear before the Commission, including the rights of those who are not parties to the individual case, and to take all reasonable actions necessary to facilitate the orderly processing of all cases, including their own. Failure without good cause to file required written summaries or briefs, at the time required, evidences a lack of concern for the merits of the case, and would place unreasonable and unnecessary additional burdens on the Commission, and therefore, on all other parties.

For these reasons Commission Rule 4—(7)(A) provides that a party's failure to file a written summary or brief as required results in waiver by that party of the right to oral argument, and since early 1981 the Commission has consistently found as a matter of fact that such a failure also represents an election by the failing party not to properly advise the Commission of any errors in the Arbitrator's Decision, and the Commission has therefore concluded as a matter of law that such an election gives the Commission no reason to change the Arbitrator's Decision; at the time of assignment of a date for oral arguments the parties are advised of the results which will follow a failure, without good cause, to timely file. No request to extend

the time for filing was made on or before the due date, and no good cause has been shown for the failure to file as required.

IT IS THEREFORE ORDERED BY THE COMMISSION that the Decision of the Arbitrator dated 1-12-83 is affirmed."

■■ It will be noted from the Commission's decision that the Commission has followed the practice of summary affirmance in the absence of the summary sheet since 1981. An administrative agency's interpretation of its own rules is generally considered to be persuasive and is afforded deference by the courts. (*Environmental Protection Agency v. Pollution Control Board* (1981), 86 Ill. 2d 390, 427 N.E.2d 162; *Marathon Oil Co. v. Briceland* (1979), 75 Ill. App. 3d 189, 394 N.E.2d 44.) An Agency's interpretation of its own rules also binds the agency as its policy and must be followed by the agency. (*Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 320 N.E.2d 371.) However, courts will not be bound by an agency's interpretation of its rules where that interpretation is clearly erroneous, arbitrary, or unreasonable. *Inwang v. Community College District No. 508* (1983), 117 Ill. App. 3d 608, 453 N.E.2d 896; *Environmental Protection Agency v. Pollution Control Board* (1981), 86 Ill. 2d 390, 427 N.E.2d 162.

■■ Notwithstanding what appears to be a moderately long practice of the Commission, we find its interpretation of Rule 4—(7)(A) arbitrary and erroneous. In its decision in the instant case, the Commission found "as a matter of law" that it could enter a summary affirmance. Because it is a matter of law, this court may substitute its judgment for that of the Commission. A finding of fact stands on a different footing and under familiar principles requires deference from this court.

By holding the summary affirmance to be a matter of law, the Commission has in effect imposed an additional sanction to that provided by the rule. The sole sanction under the rule was waiver of oral argument.

*Inwang* is pertinent. In that case a board of trustees of a community college suspended a faculty member for one semester without pay. The applicable rule permitted a chancellor to suspend an employee without pay for a period not to exceed 30 days. The board argued that it had always reserved to itself the right to suspend for a period in excess of 30 days. The court rejected the argument noting that the language of the rule was clear and unambiguous and "makes no mention of the reservation of powers to impose sanctions in excess of those specifically set forth." (*Inwang v. Community College District No. 508* (1983), 117 Ill. App. 3d 608, 612, 453 N.E.2d 896, 900.)

Similarly, in the instant case, the rule, as it existed at the time of the hearing, provided as its only sanction waiver of oral argument. No language in the rule would indicate that in addition to such waiver the Commission would enter a summary affirmance of the arbitrator.

We are aware of other cases in which the Commission has followed the same procedure. (*Miller v. Illini Asphalt* (1984), 84 I.I.C. 409; *DeLegge v. Crane Co.* (1984), 84 I.I.C. 300.) However, what is more significant is that the Commission amended the rule at a time subsequent to the hearing in this case to provide specifically that failure to file in a timely fashion a statement of exceptions "shall constitute waiver of the right to oral argument *** *and an election not to advise the Commission of any reason to change the Arbitrator's decision or to grant the petition;* ***." (Emphasis added.) 50 Illinois Administrative Code, ch. II, sec. 7040.70(d); 9 Ill. Reg. 16249.

We do not regard the amendment as declaratory of established procedure since it adds a whole new dimension to the penalties of the rule. The prior procedure was erroneous and the amendment is an obvious effort to correct it. The Commission is charged with the duty to "promptly review the decision of the Arbitrator or committee of arbitration and all questions of law or fact which appear from the statement of facts or transcript of evidence, and such additional evidence as the parties may submit." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(e).) A summary affirmance may be in order, provided the Commission has fulfilled its statutory duty and a rule allows such a procedure. Neither element was present in the instant case. The record is barren of any indication that the Commission examined anything in the record, and no rule was in existence which permitted the procedure used here.

The orden of the circuit court of Cook County confirming the decision of the Industrial Commission is therefore reversed and the cause is remanded to the Commission with directions to take such further proceedings as may be indicated in conformity with the views expressed in this opinion.

Reversed and remanded with directions.

BARRY, KASSERMAN, LINDBERG and McNAMARA, JJ., concur.