JACK PURCELL, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Kralis Bros. Food, Inc., Appellant).

Fifth District (Industrial Commission Division)   No. 5—85—0042WC

Opinion filed June 9, 1986.

Burgeson, Laughlin, Cunningham & Hare, of Chicago (Joann M. Fratianni, of counsel), for appellants.

John A. Clark, of Croegaert, Clark & McLaughlin, Ltd., of Olney, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Jack Purcell, filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) (the Act) for a back injury sustained during his employment with the respondent, Kralis Bros. Food, Inc. (the company). The arbitrator awarded the petitioner medical, temporary total disability, and permanent partial disability benefits. On the petitioner's appeal, the Industrial Commission (the Commission) summarily affirmed the arbitrator. On the petitioner's subsequent appeal, the circuit court vacated the decision of the Commission and entered an award of permanent total disability benefits for the petitioner. The company brought the instant appeal arguing that the court improperly vacated the decision of the Commission and that the petitioner failed to exhaust his administrative remedies before the Commission.

The back injury upon which the petitioner based his instant claim occurred when, in the summer of 1977, he was lifting a 200-pound air compressor (the accident). The petitioner was 45 years old at the time of the accident. He had worked for approximately 20 years in heavy construction and carpentry. At the time of the accident, he was employed to do maintenance, painting, and general work, including heavy lifting, around the company's plant. Following the accident, the petitioner received medical treatment including surgical removal of a *ruptured disc and a transverse process fusion* in February of 1978 and an internal fusion in April of 1979.

At the April 1980 arbitration, the petitioner testified concerning his continuing pain. He also testified that he had not been successful either in obtaining employment to accommodate his injury or in his attempt to obtain new skills at Olney Central College. The petitioner occupied his time at home doing wood work.

Other evidence presented to the arbitrator included the petitioner's medical records and deposition testimony of psychologist and vocational assessment specialist Joy Baker and orthopedic surgeon Bryant Bloss.

Dr. Baker testified that she tested the petitioner on August 8, 1978. She found the petitioner to be well motivated for work, within the average IQ range, able to read and spell at third-grade level, and

able to do late fourth-grade level arithmetic. She opined that the petitioner was best suited to a manual craft and was not retrainable for work requiring much reading, writing, and arithmetic.

Dr. Bloss testified that in January of 1978, he first examined the petitioner in connection with the petitioner's instant back injury. Thereafter, he performed surgery on the petitioner and continued to monitor the petitioner's condition. Based on his continuing examinations of the petitioner, the most recent in December of 1979, Dr. Bloss opined that the petitioner's condition had reached a status quo and that the petitioner could return to light carpentry without heavy lifting. Dr. Bloss further opined that the majority of employers would not hire the petitioner based on his physical condition.

The arbitrator awarded the petitioner medical benefits plus benefits for temporary total disability and for 25% permanent partial disability under section 8(d)(2) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(d)(2)).

The petitioner appealed to the Commission arguing, in relevant part, that the record showed permanent total disability rather than 25% permanent partial disability. On January 28, 1981, a member of the Commission heard testimony of the petitioner and an official of the Department of Rehabilitation Services (the Department).

The petitioner testified that he had continuing back and leg pain, numbness, and stiffness, and that he needed to wear a brace to limit his pain. According to the petitioner, he was unable to lift more than approximately 20 pounds. Because of his physical limitations, he had been unable to find the kind of carpentry for which he was skilled. He continued to do wood work at home.

Charles Holloway, a caseworker and supervisor with the Department, testified that the Department had worked with the petitioner but was unable to place the petitioner with an employer. In so testifying, Mr. Holloway referred to the petitioner's skills and, with reference to the accident, to the petitioner's physical limitations.

Following testimony before the Commissioner, the petitioner waived oral arguments before the Commission. The petitioner also failed to file with the Commission a summary setting forth any claim of error in the arbitrator's decision. The Commission did not consider the record but summarily affirmed the arbitrator's decision based solely on the petitioner's election not to file a summary and not to argue orally.

The petitioner appealed to the circuit court. The court found, considering all the evidence, including the testimony of the petitioner and Charles Holloway before the Commissioner, that the petitioner

showed he was unable to perform or obtain regular and continuous employment for which he was qualified. The court further found that the company failed to show that the petitioner was capable of performing any reasonably available employment. Based on those findings, the court set aside the decision of the Commission as contrary to the manifest weight of the evidence and entered an order of total permanent disability. Additionally, the court declined to order the company to reimburse the Department for medical payments it made on behalf of the petitioner. The company brought the instant appeal.

■ In considering the instant appeal, we first address the second issue raised by the company. That issue concerns the petitioner's election not to file a summary upon its appeal to the Commission. The company argues that because the petitioner failed to file a summary, he failed to exhaust his administrative remedies.

A recent decision which was filed subsequent to the argument in this case is *Chicago Transit Authority v. Industrial Com.* (1986), 141 Ill. App. 3d 930. In *Chicago Transit Authority, (CTA),* the Commission had summarily affirmed the arbitrator because the appellant, CTA, failed to timely file a summary sheet on the appeal. The Industrial Commission division of the appellate court, finding no indication that the Commission examined the record and no rule which permitted the summary affirmance, reversed the circuit court's confirmation of the Commission and remanded to the Commission for further proceedings.

For all relevant purposes, this case is indistinguishable from *CTA*. Here, the Commission received additional evidence then summarily affirmed the arbitrator without examining either the new evidence or the evidence presented at arbitration. The Commission's summary affirmance was grounded solely upon the appellant petitioner's failure to file a summary of claimed error in the arbitrator's decision. As the Commission did not examine the record before it, and as we are aware of no rule permitting its summary affirmance, we find, as did the court in *CTA*, that the procedure here was erroneous.

■ It is the role of the Commission, in a case such as the one before us, to determine whether the petitioner is permanently and totally disabled. The role of the circuit court, then, is to determine whether the decision of the Commission is against the manifest weight of the evidence. (See *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 376 N.E.2d 206.) In this case, because the Commission erroneously failed to assess the evidence, the circuit court was presented no decision on the merits which it could properly review. Consequently, we reverse and remand for the Commission to

make findings in accordance with its statutory duty. See Ill. Rev. Stat. 1985, ch. 48, par. 138.19(e); *Chicago Transit Authority v. Industrial Com.* (1986), 141 Ill. App. 3d 930.

Our decision to reverse and remand based on the second issue presented on appeal negates our need to directly address the first issue before us. We note generally, however, that with our decision we acknowledge our agreement with the company's first subargument in that issue, *i.e.*, that the decision of the circuit court constituted an invasion of the Commission's function as fact finder. Our decision does not, however, suggest agreement with the company's second subargument in that first issue, *i.e.*, that any finding that the petitioner is totally and permanently disabled would be against weight of the evidence.

Accordingly, the order of the circuit court of Richland County is reversed and the cause is remanded to the Commission with directions to examine the record in accordance with this decision.

Reversed and remanded with directions.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.