RONALD W. SHANNON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Baldwin and Associates, Inc., Appellee).

Fourth District (Industrial Commission Division) No. 4—86—0851WC

Opinion filed September 3, 1987.

Robert A. Hoffman, of Ryan, Cini & Bennett, of Mattoon, for appellant.

Dennis S. O'Brien, of Livingston, Mueller, Gunning, O'Brien & Davlin, P.C., of Springfield, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Ronald W. Shannon, brings this appeal from the circuit court's confirmation of the Industrial Commission's summary affirmance of the arbitrator's denial of benefits. Rather than reviewing the case on the merits, the Commission relied on its finding that the petitioner had not followed Commission Rule 7040.70 (50 Ill. Adm. Code, 7040.70, 9 Ill. Reg. 16249 (eff. Oct. 15, 1985)), for the timely filing of a statement of exceptions and a supporting brief. The petitioner challenges the Commission's summary affirmance under Rule 7040.70.

The petitioner fell down approximately five stairs while he was at work. His employer, the respondent Baldwin and Associates, paid the petitioner temporary total disability until the petitioner refused a specific medical examination. Thereafter, the petitioner filed a claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 et seq.). The arbitrator denied compensation, finding that the petitioner had not proved permanent disability or causal connection. On May 10, 1982, the petitioner filed his appeal to the Commission.

On December 13, 1985, a hearing was held before Commissioner Dennis Douglas. By a letter dated February 10, 1986, Commissioner Douglas notified the petitioner that his appeal summary and brief were due to be filed with the Commission and served on all parties within 45 days of February 10, 1986. According to the respondent, attached to the letter was a copy of Commission Rule 7040.70. That rule provided that timely filing would be shown either by a file stamp dated upon the document's receipt in the Commission's Chicago office or by a legible postmark at least two days prior to and exclusive of the document's filing due date.

Under the terms of the February 1986 letter, the petitioner's statement of exceptions and supporting brief were due to the respondent and to the Commission on March 27, 1986. The petitioner's documents were postmarked on March 26, 1986; received by the respondent on March 27, 1986; and stamped received by the Commission on March 31, 1986. The respondent filed its brief one week before its due date.

By an April 21, 1986, form letter without an extended opinion, the Commission notified the parties that it affirmed the arbitrator. On

June 5, 1986, the Commission issued a written decision explaining that the affirmance was not on the merits, but, rather, summary. The Commission relied upon the petitioner's failure to comply with the timeliness requirements of Rule 7040.70. The rule provided that "Failure of any appellant or petitioning party to file timely any statement of exception(s) and/or addition(s) and supporting brief as required by this section *** shall constitute waiver of the right to oral argument by that party and an election not advise [sic] the Commission of any reason to change the Arbitrator's decision ***." 50 Ill. Adm. Code, 7040.70, 9 Ill. Reg. 16249 (eff. Oct. 15, 1985).

The Commission found that the petitioner failed to timely file pursuant to Rule 7040.70, and that the petitioner failed either to request a filing extension for good cause by the filing deadline or to show good cause for failure to file as the rule required. Additionally, the Commission referred to the rationale of the rule. In that regard, the Commission stated that a party's failure without good cause to timely file under the rule places unreasonable and unnecessary additional burdens upon the high-volume work of the Commission and, consequently, upon other parties appearing before the Commission. It also stated that such failure deprived an opposing party of the ability to meaningfully respond to the issues.

The petitioner sought circuit court review of the Commission's summary affirmance. The court confirmed; this appeal followed. The petitioner argues on appeal that the Commission improperly affirmed summarily. We agree.

 A rule adopted by an administrative agency must be reasonable and not arbitrary, and must be in accordance with the agency's statutory authority and purpose. (*People ex rel. Charles v. Telford* (1977), 48 Ill. App. 3d 928, 363 N.E.2d 613.) Further, an agency's interpretation of its rule, as distinct from the rule itself, is considered persuasive rather than binding upon a reviewing court. (*Inwang v. Community College District* (1983), 117 Ill. App. 3d 608, 453 N.E.2d 896.) A reviewing court should accord substantial deference to an agency's interpretation of its rule. (*Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 320 N.E.2d 371.) However, although a summary affirmance may be in order where the Commission has fulfilled its statutory duty and a rule allows the summary affirmance procedure, courts will not be bound by an agency's clearly erroneous, arbitrary, or unreasonable interpretation of its rules. *Chicago Transit Authority v. Industrial Com.* (1986), 141 Ill. App. 3d 930, 491 N.E.2d 58.

 █ Under the Act, when a party files a petition for review and

either an agreed statement of facts or a transcript, the Commission has the statutory duty to promptly review the decision of the arbitrator and all apparent questions of law or fact. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(e).) Considering that statutory mandate, we find that Rule 7040.70 clearly was unreasonably interpreted in the instant case.

In the instant case, the petitioner claims and the respondent does not dispute that he was led to believe at the review hearing before Commissioner Douglas that Rule 7040.70 would not apply to his case. In apparent compliance with the Commission's prior rule, the rule which was in effect when the petitioner filed for Commission review, the petitioner mailed his summary and brief one day prior to its due date rather than two days prior to the due date as Rule 7040.70 required. That the petitioner's late filing under Rule 7040.70 was inadvertent is supported by the fact that on the day which the petitioner's lawyer mailed the petitioner's documents to the Commission he could have instead hand-delivered the documents for timely filing under the new rule if he officed in the Chicago area instead of downstate.

We acknowledge that the petitioner's untimely filing may have been inadvertent. On the other hand, we also acknowledge that the Commission set out a valid rationale for the new rule: a party's untimely filing, even an inadvertent one-day delay, may burden the Commission, other parties before the Commission generally, and the opposing party specifically. In this case, however, the record reveals no burden resulting from the petitioner's noncompliance. Despite the petitioner's one-day delay in mail filing, the respondent was able to file its responding brief well in advance of its scheduled due date. Further, there is no record basis upon which to conclude that the Commission or other parties were additionally burdened by the petitioner's mailing his documents one day too late. That every case requiring the Commission's full decision imposes some burden upon the Commission is of no moment. It is the Commission's statutory duty to meet that burden under the proper circumstances.

Under these circumstances, considering the petitioner's explanation of his minor untimeliness and the fact that the Commission's valid rationales for Rule 7040.70 were not served, we find that the Commission's interpretation of the rule was clearly unreasonable. Given the Commission's statutory duty, and its original jurisdiction as trier of fact under the Act, the Commission should zealously protect a party's opportunity for a conscientiously sought full hearing. (See Ill. Rev. Stat. 1985, ch. 48, par. 138.19(e) *et seq.*; *Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 394 N.E.2d 1153; *Krych v. Birnbaum* (1978), 66 Ill. App. 3d 469, 384 N.E.2d 52.) The Commission's instant summary

affirmance unreasonably failed to do so.

In finding unreasonable the Commission's instant interpretation of Rule 7040.70, we note that here, unlike in *Chicago Transit Authority*, the rule and interpretation at issue are new, and consequently neither fine tuned through time nor well established as statement of Commission policy.

Accordingly, we reverse the judgment of the circuit court of Dewitt County and remand the cause for further proceedings before the Commission.

Reversed and remanded.

McNAMARA, WOODWARD, McCULLOUGH, and KASSERMAN, JJ., concur.