LOUISE A. COLE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Metropolitan Insurance Company, Appellee).

First District   No. 1—87—0480WC

Opinion filed February 10, 1988.

Gary B. Friedman, Ltd., of Chicago, for appellant.

Tyrrell & Flynn, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of summary affirmance of the arbitrator's decision entered by the Industrial Commission (Commission). On appeal, claimant maintains summary affirmance by the Commission is improper. Claimant also argues Commission rules which do not permit introduction of additional evidence or a hearing before the Commission upon review of a petition filed under section 19(b—1) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b—1)) violate the Workers' Compensation Act, due process, and equal protection.

Claimant filed an application for adjustment of claim and a petition for immediate hearing under section 19(b—1) for injuries she allegedly received after being run over by an automobile. The arbitrator denied benefits, finding claimant failed to prove her injuries arose out of and in the course of her employment. A petition to review that decision was filed citing various errors with respect to interpretation of the evidence. Claimant also requested leave to offer additional evidence in the form of an evidence deposition of a physician. That motion was apparently denied. The Commission declined to review the arbitrator's decision on the basis of claimant's failure to file a written summary or brief as required by Commission Rule 4(7)(A). Based on this failure the Commission summarily affirmed the arbitrator. The circuit court confirmed the Commission and claimant now appeals.

Claimant contends summary affirmance by the Commission is improper and requires reversal. We agree. In *Shannon v. Industrial Comm'n* (1987), 160 Ill. App. 3d 520, 513 N.E.2d 525, this court held that the Commission must reasonably interpret its rules and auto-

matic denial of review of an arbitrator's decision under Commission Rule 7040.70 (50 Ill. Adm. Code 7040.70 (1985); 9 Ill. Reg. 16249 (eff. October 15, 1985)) (which codified former Commission Rule 4(7)(A)) is unreasonable unless the circumstances warrant its application. Invoking the rule without regard to the facts of a particular case is patently arbitrary. The decision on review in this case contains the same boiler plate language this court has previously examined in other cases in which this court reversed the Commission's summary affirmance of the arbitrator. (See *Chicago Transit Authority v. Industrial Comm'n* (1986), 141 Ill. App. 3d 930, 491 N.E.2d 58.) There is no indication the Commission ever considered the circumstances particular to this case in determining whether the rule should be applied. Accordingly, were the rule applicable to this case, the Commission's decision to summarily affirm would necessarily require reversal under the precedent of *Shannon*.

■ A more fundamental error is apparent in the Commission's action, however, since the rule does not apply to section 19(b—1) proceedings, which do not require that the timely filing of a statement of exceptions and supporting brief must precede review by the Commission.

Section 19(b—1) proceedings are governed exclusively by rules of the Commission separate from those applicable to adjustments of claim. Rule 7020.80(b)(4)(A) (50 Ill. Adm. Code 7020.80(b)(4)(A) (Supp. 1986)) instructs that a petition for review in a section 19(b—1) setting must contain a statement of the appellant's specific exceptions to the arbitrator's decision, which may be satisfied by attaching a statement of exceptions and supporting brief to the petition for review. No sanction is provided whatsoever for failure to file a sufficient petition for review of section 19(b—1) petitions. Thus, Commission Rule 7040.70 is not applicable to section 19(b—1) proceedings for review and was improperly applied under any circumstances by the Commission in this case.

■ Respondent argues, nevertheless, the petition for review does not confer "jurisdiction" upon the Commission because it contains an insufficient specific statement of exceptions and supporting brief. We have examined the petition for review and note it contained specific objections to the arbitrator's decision together with references to various pages in the transcript to support those claims of error. No additional brief was filed. The argument the Commission lacks "jurisdiction" because of an insufficient petition for review stems from a similar conclusion reached in the case of *Albrecht v. Fruit Growers Express* (1986), Opinion No. 86 IIC 1381. We decline to express an

opinion as to the validity of the Commission's conclusion in that case that its "jurisdiction" is predicated upon the specificity of detail provided in a petition for review because the Commission has never made any determination in the instant case that the petition for review is not in sufficient compliance with the rule. Accordingly, the case is remanded to the Commission for that determination.

■ Claimant next contends application of Commission rules which do not permit the introduction of additional evidence or a hearing on review in a section 19(b—1) proceeding directly violates section 19(e) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(e)) and denies her due process and equal protection. In this case, claimant filed a motion before the Commission to present additional evidence on review in the form of a deposition from a physician to resolve a discrepancy in the evidence as to the source of claimant's injuries. Although there is no notation in the record, the parties agree the motion was denied for unknown reasons.

At issue is the interplay between Commission Rules 7040.10(c), 7020.80(b)(4)(c) (50 Ill. Adm. Code 7040.10(c), 7020.80(b)(4)(c) (1985 & Supp. 1986)) and section 19(e) of the Act.

Section 19(e) permits the introduction of additional evidence before the Commission and expressly applies to all hearings, including those brought under section 19(b—1) of the Act. However, Commission Rule 7040.10(c) only permits the introduction of additional evidence if a hearing is permitted before the Commission and under Commission Rule 7020.80(b)(4)(c) no hearing may be held upon review of section 19(b—1) petitions. As claimant correctly points out, operation of the Commission rules nullifies the legislative directive allowing the introduction of additional evidence before the Commission upon review of 19(b—1) proceedings.

The conflict between the statute and the rules dates back to the 83d General Assembly. As section 19 of the Act was constituted in 1983 no direct counterpart for current section 19(b—1) existed. See Ill. Rev. Stat. 1983, ch. 48, par. 138.19.

In July 1983 the legislature passed Public Act 83—1051 (1983 Ill. Laws 7130), which established proceedings for immediate hearing now available under section 19(b—1). Public Act 83—1051 also set up a provision, numbered 19(b—2), which, among other matters not germane here, stated that on petition for review from an arbitrator's decision the case would be decided on the evidence presented at arbitration and included the proviso "no new evidence will be heard by the Commission." Public Act 83—1051, although not directly prohibiting a full hearing before the Commission, spoke only in terms of oral argu-

ment and gave the Commission the power to implement rules whereby the final decision of the Commission was to be filed not later than 90 days after the date the petition for review was filed.

Subsequent to enactment of that legislation, however, the legislature considered and also passed Public Act 83—1125 on June 30, 1984 (1984 Ill. Laws 212). This bill retained the substance of section 19(b—1) contained in the earlier Act but eliminated much of the language of section 19(b—2) and specifically struck the language prohibiting introduction of new evidence before the Commission. Public Act 83—1125 also amended section 19(e) of the Act to make it clear introduction of additional evidence before the Commission was specifically applicable to section 19(b—1) proceedings. In effect, Public Act 83—1125 overrode Public Act 83—1051 to the extent the two were irreconcilable. Ill. Rev. Stat. 1985, ch. 1, par. 1105.

The timing of the two bills no doubt led to the problems we face here. The original legislation which permitted no new evidence to be introduced directed the Commission to formulate rules consistent with substantive portions of the bill. The Commission drafted such rules adopting the statutory language almost verbatim. (See Commission Rule 7020.80(b)(3)(C) (50 Ill. Adm. Code 7020.80(b)(3)(C) (Supp. 1986); 8 Ill. Reg. 15986 (eff. August 16, 1984)) prohibiting introduction of new evidence on review.) When the legislature subsequently overrode that legislation on June 30, 1984, however, the rules set to take effect were not immediately amended to conform to the overriding legislation and subsequent amendments have not cured that defect. Without further speculation concerning the historical antecedents surrounding the conflict between the rules and the statute, we hold any rules of the Commission or interpretation thereof which predicates the introduction of additional evidence in a section 19(b—1) review proceeding on the right to have a formal hearing before the Commission to be direct conflict with section 19(e) of the statute and beyond the authority of the Commission.

■ Claimant also argues she suffers both due process and equal protection violations because the Commission rules do not permit her a hearing upon review of section 19(b—1) petitions. We disagree.

Claimant concedes expeditious processing of section 19(b—1) petitions is a desirable goals. Basic requirements of procedural due process require notice and the opportunity to be heard and defend in an orderly proceeding adapted to the nature of the case. (*In re Marriage of Mierlak* (1981), 100 Ill. App. 3d 228, 426 N.E.2d 1010.) As long as a meaningful opportunity to be heard is afforded, claimant cannot complain that it is not structured in a particular manner. In light of

the legislative directive that section 19(b—1) petitions be concluded promptly we believe the Commission was within its authority to deny full hearings on review which might further delay resolution of the issues presented.

Likewise, claimant has not established she was denied equal protection. Statutes and rules may differentiate between persons similarly situated as long as the classification bears a reasonable relationship to a legitimate purpose. (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382.) Claimant is not a member of a "suspect classification" and, as we have indicated, there is a rational basis for distinguishing between review of regular applications for adjustment of claim and section 19(b—1) proceedings.

For the foregoing reasons, the judgment of the circuit court and the decision of the Commission are reversed and remanded to the Commission for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BARRY, P.J., and McNAMARA, WOODWARD, and CALVO, JJ., concur.